## Frederick Espert, Appellee, v. Carmichael Range Company, Appellant.

### Gen. No. 14,738.

LANDLORD AND TENANT—*when former cannot hold latter as tenant from year to year by virtue of hold-over.* If the landlord has exercised his election to hold his tenant for damages on account of his hold-over, he cannot subsequently seek to recover rent upon the theory that he became his tenant for another year under the terms of the old lease. In this case the exercise of the election was set up by certain pleas, to which the replications filed were held improper.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed December 21, 1909. Rehearing denied January 4, 1910.

JOHN P. AHRENS, for appellant.

GENTZEL & CRANE, for appellee.

MR. JUSTICE MACK delivered the opinion of the court.

Appellee recovered judgment against appellant in the Municipal Court of Chicago for one year's rent based on a holding-over after the expiration of a written lease for three years. The term under the written lease expired April 30, 1906. The appellant had held over for from five to nine days.

The declaration consisted of the common counts and a special count alleging the lease, the failure to yield up the possession of the premises at the expiration thereof, the demand for the first month's rent under the alleged new tenancy and refusal to pay the same; the acceptance by the plaintiff of the defendant as such new tenant for a year and the resulting indebtedness for the year's rent.

The defendant pleaded, among other pleas, that on June 13, 1906 (long prior to the present proceedings),

the plaintiff had sued the defendant before a justice of the peace for damages and not for rent, for the wrongful withholding of the possession of the very same premises, after the termination of the very same lease for the very same time of withholding alleged in the special count, and that on July 10, 1906, the plaintiff recovered in said proceeding the sum of $25, which judgment remained in full force. Thereupon the plaintiff filed a replication to all of the pleas as follows:

"Plaintiff, saving and reserving to himself now and at all times hereafter, and all manner and benefit and advantage of exception which may be had or taken to the manifold insufficiencies of the several pleas of said defendant for replication thereunto says: That he will aver, maintain and prove his said cause of action set out in his declaration heretofore filed to be true, certain and sufficient in the law, and that the several pleas filed by the defendant are uncertain, untrue and insufficient to be replied unto by the plaintiff, without this: That any other matter or thing whatever in said several pleas maintained, material or effectual in the law to be replied unto, and not herein and hereby well and sufficiently replied unto, confessed and avoided, traversed or denied, is true. All which matters and things this repliant is ready to aver, maintain and prove, and as to all these matters and things the plaintiff prays may be enquired of by the country," etc.; and specifically to this plea as follows:

"And plaintiff, as to the eighth plea of defendant, says *precludi non*, because he says that the said promises and undertakings in said declaration mentioned were not, nor was any or either of them made of, or any of those in said plea mentioned, and for and in respect whereof the said supposed judgment in said plea mentioned was recovered in manner and form as the defendant has above in its said plea alleged, and

this the plaintiff prays may be inquired of by the country," etc.

To these replications defendant demurred generally and specially. A special ground of demurrer was, among others, that it did not properly take issue upon the statement of facts set out in the defendant's last plea.

The court overruled the demurrer. The defendant at the trial offered no evidence of the judgment, on the theory that the demurrer to the replication having been erroneously overruled, the replication was improperly in the record and that no valid issue having been taken on the judgment, proof thereof was unnecessary.

We must therefore determine the correctness of the action of the court in overruling the demurrer to the replications. The first replication to all the pleas is not a common law replication at all, offers no answer to the plea of the judgment and the demurrer thereto should have been sustained.

The evident purpose of the plea is to show a conclusive election by the landlord to treat the holding over as wrongful, inasmuch as only on this theory could he have sued for the stipulated damages. If he had so elected, he could not thereafter have held defendant as a tenant. If plaintiff wished to deny the existence of the judgment, he should have replied *nul tiel* record. If he wished to assert that the judgment had reference to other property, he should have framed his replication so as to have taken issue on that point.

But to deny that the judgment is based on the same promises as those alleged in the declaration—and this seems to be the issue attempted to be raised by the second replication—is to endeavor not only to take issue on a point not tendered by the plea but on one which could not have been so tendered. The substance of the defense interposed by the plea is not that the judgment operated as an adjudication of the

claim made under the implied promise to pay one year's rent, but that it operated as an election to treat defendant as a trespasser wrongfully withholding possession, and that such an election barred the present action. The demurrer to the replication should have been sustained.

Inasmuch as the cause must be retried, we shall not comment upon the facts and the proof; but on the legal propositions involved we concur in the holding of the trial court that if the plaintiff at any time after the expiration of the lease elected not to hold the defendant liable as a tenant under the lease, the plaintiff had no right in law thereafter to change his election and elect to hold the defendant liable as a tenant, as well as in the refusal of the court to hold that the provision in the lease for liquidated damages for withholding the premises prevented the defendant from being liable as a tenant for another year if he held over, or that the plaintiff must give notice of his election to hold the defendant as such tenant before he removed from the premises. Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*